Your Honor, I think, this is my observation of course, but I think that this case is a poster child for Rules 413 and 414 and 415. Both the advisory and standing committees, when these rules were adopted, expressed concern about the very thing that I think we have here, and that is a failure to consider probity value and prejudice. The rulings in this particular case, first off, the one ruling about the testimony of the two female witnesses is very aged. It's not only aged, but it has no similarity. This was ostensibly a rape of an adult woman. The prior two offenses, and I've got to throw this in, Your Honors, my client is no real angel, okay? But I am convinced that in this particular case, it's the very thing that the advisory and standing committees were worried about, and that is a jury convicts a person for, quote, being a bad man. I'm not going to flower him up. I'm not going to stand here and tell you this is an innocent man that's serving time in prison and, point of fact, life sentence, because he's innocent of anything. But my point is that the standing committees, advisory committees, when they enacted this, they were concerned, and this is a proper case for such concern. The committee noted that Rule 403 isn't, in my opinion, even taken into account in Rule 413. 413 says this evidence is admissible. It does not say take into account in admitting it the potential prejudice. But doesn't 403 mediate 413? Isn't that the purpose of 403? I agree, Your Honor, but I don't think in this particular case, as I said, that 403 was considered. The government will tell you that this is all 413. But there were a couple of rulings that they not only allow the testimony of the daughter, stepdaughter, and the man's sister, both of those offenses, as I said, were over 20 years old. Under 609, you can't use evidence to impeach somebody if it's 10 years old or more. Can I ask you a question, though? Certainly. You, on appeal, only challenged the admission of two of the four? That's correct, Your Honor. And I guess I don't quite understand why. Well, I was going to comment, Your Honor, that it's sort of a weird situation here. The judge not only allowed the testimony of the two witnesses, which doesn't come under the rubric, but additionally, he allowed the testimony regarding a past incest, I believe it was, that this man committed years before, but he said to the government, When you introduce this evidence, don't just give us a record. Have somebody here to testify as to what happened. And that just seemed, those two rulings, Your Honor, seemed to me to unbalance the scales, if you will. Then the second problem here is that the government allows, I mean, the court allows in these two what I might call ancient crimes. And then when my client wants to introduce the fact that he had had consensual sex over a period of three years, the court says, No, that's too distant. We are not going to allow that in. Those, Your Honors, the allowance of the ancient, if I can use that word, crimes, if there were crimes, and the refusal to allow any type of comment regarding consensual sex, which, as I indicate in the brief, takes the government's problem with their failure to execute a search warrant. Hang on a second. Can I just make sure I understand the facts correctly? So the two incidents for which, on appeal, you challenged the admission of, there were live victim witnesses who testified as to those incidents because they didn't result in convictions, right? That's correct. The two that you have not challenged were both convictions. And for those, was there live victim witness testimony or were there just paper records? The only testimony was the testimony by a Billings police officer, former police officer, who testified regarding the incident, which was the incident in this particular case, that it gave the government carte blanche to introduce evidence that I feel should have been allowed, just the fact that there was, very similar to the old Chief case, Your Honor, that there was a prior offense that occurred at such and such a date. Did you want to reserve your remaining time for us? Yes, Your Honor. Thank you. May it please the Court, my name is Laura Weiss and I represent the United States in this matter. This is a case that I think positively highlights what Congress intended for Rules 413 and 414. And I think an apt metaphor is a shield versus a sword. For example, in Rule 413, and not necessarily an explicit sword, but Congress's intent was to address a situation that's very unique to rape cases, which is a credibility issue and a he said, she said issue. There was a recognition by Congress that this evidence is typically to be admitted, that it's relevant, and it's typically more probative than prejudicial. Why in this case did any of these four incidents, all of which, am I right, all of them involve children? Is that right? Yes, that's correct. Why is the fact that he did these things when he was much younger, many, many years ago, why does it make it more likely that he raped the victim in the case before us now? That goes to, I think, the similarity factor. Well, no, I'm just. Just as a general matter. Just articulate the inferences that you wanted the jury to draw from. We have a, other than just straight propensity, unless, are you arguing. It essentially is propensity, Your Honor. I think there's a recognition that's inherent in 413 is, you know, as opposed to say Rule 609 or even 404B, that evidence of previous sexual acts or attempts at sexual acts essentially demonstrates propensity. I think that's sort of the foundation of that rule. And I think that also, just to answer your question, there's also the government's position in this case is that this defendant has demonstrated what amounts to an essentially unbroken modus operandi, that he identifies victims and he's sort of one step removed. And I can, I mean, you probably recognize that from the record. Essentially one step removed from his victim generates a relationship and then orchestrates in a very premeditated way, which goes to intent, his abuse of the victim. So take, for example, just the offense conduct versus the two victims that Mr. Ashley is challenging. The offense conduct in this case involves an individual, Salloway, who had a relationship with the victim's daughter. And he was driving up a highway and saw her walking home. That wasn't enough. Consistent with his M.O. in the past, which I can go into, he actively isolated her. He gave her a ride. He drove her outside of town where he knew that he could essentially abuse her sexually undetected. That was his M.O. Going back to these other 413 victims, you see the same picture played out. For example, with his sister, and we recognize that this is a juvenile offense, but you also see LeMay where that was a juvenile offense as well. It goes back in time a decade where the defendant was 24, and the other 413 acts admitted in LeMay were committed when he was 12. And so getting back to my point, D.S., the first victim that Mr. Ashley challenges was the sister of Salloway. And he took advantage of a familial relationship, and he went one step further, which we saw in his offense conduct, by isolating her when her parents weren't home. And he managed to do this over a span of time. Then you fast forward to L.D., who's a 9-year-old, when Mr. Salloway was approximately 23, 24 years old. He generated and orchestrated himself a situation, much like the truck driving out of town, orchestrated a situation where he was babysitting the children, isolated one child in a room, locked the door, and then he had, again, sort of put himself, developed a situation for himself where he could molest. And so it's an unbroken chain of this type of conduct. And I know that's a long way to answer your question. Yeah, and it's not particularly persuasive on the M.O. front. I mean, I guess what you're saying, though, is that we're basically just we've carved out these rules of evidence. We've carved out an exception to the normal propensity, you know, the normal bar on propensity evidence. Exactly. So any past sort of sexually deviant act that a defendant engages in, it's just we've just made a determination that it's going to be fair game if you ever get charged with a future sexual offense. That's Congress's intent, as I understand it. And there's a great quote from Sue that I think sheds light on this, which is 362 F.3D 1244, which recognizes that this rule supersedes Rule 404B's restrictions by establishing a presumption, but not a blank check, favoring the admission of propensity evidence. And so I think there's an aspect of this that I think is helpful in explaining why 413 casts such a broad net, is there's a recognition, say, for example, in a robbery case. You are rarely, if ever, going to have a defendant who approaches someone on the street about to steal their purse and claim later at trial that she offered her purse to me. She consensually engaged in this offense. And so Congress, and you see it in the congressional history, repeatedly understands and emphasizes the fact that these cases essentially come down, you know, even in light of DNA, come down to, in a consent argument, come down to a he said versus she said. And so essentially Congress has said, look, this 413 evidence shows propensity to commit these acts. But it's not a blank check. I mean, the district court has to walk through the various factors. Exactly. And one factor here that certainly gave some concern, I think it gave some concern to the district court, too, was the timing of these events. Would you talk about that? Absolutely. Are you talking about the closeness in time? Yes. And the remoteness. So this is one aspect that I think on first blush you would say, oh, this occurred a very long time ago. There's a recognition, and it's actually, it came up in the Horse case, which came before this court, recognizing that there's no bright line rule that precludes evidence that's remote in time. And so Horse, it's an unpublished case. It's in our table of authorities. But it essentially referenced the Ninth Circuit itself and United States v. Root in that principle. And Congress expressly rejected any time limit on prior sex offenses. So, for example, in the Horse case, and that was from two years ago, actually a case from Montana before this court, the court affirmed the district court's decision to admit evidence from 45 to 50 years ago. So there's a recognition that Congress didn't impose a time limit in establishing that Rule 413. So then we now have Congress moving that way with respect to the defendant's prior conduct. Let's shift to the victim testimony now. And I recognize that it's characterized as a brutal rape. But why wouldn't their past relationship and the consensual parts of it at least be relevant evidence on the table for the jury to weigh? And I think this, first I would say this demonstrates and the arguments here demonstrate that we've moved from the sword aspect of 413 propensity evidence to a shield. And, in fact, the rule itself essentially embodies that, that it's the rape shield law.  as opposed to inclusion that Congress intended in 413. And so what I would say in relation to 412 is I think there are a couple of elements that the district court considered and are reasons for affirmation in relation to 412. So I think it's first important to talk about and establish the facts as they relate to 412. There are three alleged 412 incidents. The first two, the defendant alleged, occurred approximately two to three years earlier. And the third, which is the most recent, occurred approximately six. I'm sorry. I just wanted to pull up the language of the rule and just question what you just said to Judge McEwen. I guess I look at Rule 412B, B1B, which is the provision that the defendant is relying on here. It's not a rule of exclusion. It's just like 413. It's a rule of inclusion. So I don't understand why you characterize it that way. Right. And what I would say is 413 begins with, in essence, an exclusion of previous sexual conduct of the victim because we recognize this as essentially bullying and putting the victim on trial when the focus is on the defendant's conduct. Are you talking about 412? I'm sorry, 412. They're so close together. And then it moves on to these exceptions that we recognize as important, right, that it would offend his constitutional rights, that it would be relevant to proving. I mean, the exception is dead on the money for this case. In criminal cases where consent is at issue, the victim's testimony about the victim's prior consensual relationships with the defendant is admissible. That's just the stated rule. Right. And we recognize that he's arguing consent, and so he's essentially trying to use previous consent as evidence of current consent. Where his argument fails, and I think where the district court was correct in this case, is weighing the danger of unfair prejudice, so proceeding to that 403 balancing. There was a recognition that there was scant evidence of those previous consensual activities, that it was essentially, you know. Who else is it going to come from? Well, I mean, I think about previous rape cases that we've seen in our district. There are instances where there are eyewitnesses or there are friends who are aware of. Consensual sex. Well, or who are aware of a consensual relationship. So, for example, a friend or a brother who is aware. I mean, it's sort of obviously an awkward set of testimony. I think there's a case that would speak to your question, which is one feather, and that's in this circuit, and that's 702 F2D 736, which says the policy of Rule 412 to guard against the unwarranted intrusion into a victim's private life may be taken into account in determining the amount of unfair prejudice. And so I think the answer to your question lies not in admissibility under the consent to prove current consent, but under that weighing of the factors. It's unfair prejudice not to the victim, but to the government's case, and I don't see how there could be any. There's certainly prejudice to your case, but how is it unfair, especially when you've been permitted to admit basically the defendant's entire life history of sexually deviant behavior? Well, I think it can only be answered by looking at all of the factors. So certainly there's a recognition that there's going to be prejudice in all of this evidence, including the evidence that comes in under 413. But when you step back and you look at it in the context of the other factors, which is the measuring that the district court engaged in, you have the remoteness. You have the overarching. Remoteness? Really? I mean, the most recent was what, six months before the incident in this case? And in relation to that, I think the factor that would speak most precisely is the factor that one feather essentially talked about, which is a defendant may, in fact, in the context of these factors, be behind the eight ball because it is the rape shield law. So you actually, a court and the district court did take into account in this case the overarching vision of that rule, which essentially, I think it's fair to say, does favor a victim. I mean, I think that's the idea. Not this exception. It most definitely does not. It says that this evidence may be admitted. Well, and I guess what I'm talking about. I'm just saying the general policy, right? Sure. And I guess what I'm saying is in one feather the court talks about the actual overarching mission of 412, protecting victims, as an actual factor that the court is entitled to consider, which is what the district court did here. Okay. Thank you. Unless the court has some questions, I have nothing further your honor. All right. Thank you. Thank you both for your argument this morning. The case just argued, United States v. Salwaz, submitted.
judges: Goodwin, McKeown, Watford